UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| ISIAH LUCAS | NO. 19-00041-BAJ-EWD |

### RULING AND ORDER

Before the Court is Petitioner's document stylized as a **Motion to Receive Credit for Time Served (Doc. 38)**. Petitioner asserts that his attorney, Michael Adams Fiser, guaranteed he would receive credit for the time Petitioner spent in state custody from March 22, 2018 to March 27, 2019 while awaiting the adjudication of his federal case "on this same charge." (Doc. 38, p. 1). However, the Bureau of Prisons ("BOP") has allegedly not granted Petitioner such credit. Mr. Fiser also allegedly told the Petitioner that, following his sentencing in this Court, his "original state case would be dismissed. . . but [it] [is] still pending." *Id.*

Petitioner's motion is denied as the sentencing court lacks the authority to grant the relief Petitioner seeks. *See In re United States Bureau of Prisons, Department of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) ("[T]he district court lacks the authority to award or deny credit, [thus] BOP is not bound by its decision.) Regardless of the merits of Petitioner's claims, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). If Petitioner is to obtain the relief he seeks, he must first pursue

it through the appropriate administrative channels. *See id.* at 335 ("[T]he BOP [maintains] detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations . . . afford[] prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations *after* exhausting their administrative remedies." (emphasis added; citations omitted)).

In addition, Petitioner signed a plea agreement on August 12, 2019. (Doc. 25). In this plea agreement, Petitioner adopted the following statement as his own: "I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court." (Doc. 25, p. 12). As such, Petitioner presented to the Court that his attorney had not made any promises regarding his sentence or the disposition of his case. Even were the Court to accept Petitioner's allegations as true, the alleged assertions of Mr. Fiser are not binding on the Court, and do not constitute a valid basis for relief.

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION (Doc. 38)** is **DENIED.**

Baton Rouge, Louisiana, this 19th day of February, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**